**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **NO. 1:12-CR-242** |
| | § | |
| **TROY MARTIN JONES** | § | |

**REPORT AND RECOMMENDATION ON
THE DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On September 19, 2012, the undersigned ordered that the Defendant, Troy Martin Jones, be committed to a federal medical facility pursuant to 18 U.S.C. § 4241, where he was to be examined pursuant to the provisions of 18 U.S.C. § 4247(b). (Docket No. 10.) On February 27, 2013, the undersigned issued an order extending Jones' commitment. (Docket No. 14.) On September 25, 2013, Jones' psychiatric report was filed with the court. (Docket No. 15.) In this report, Jones' evaluators asserted that he was not competent to proceed to trial.

On January 7, 2014, the court held a <u>Sells</u> hearing to determine whether to order involuntary psychiatric treatment. The Defendant appeared in person and his medical providers appeared via video conference from their respective institutions. A threshold issue of the hearing was Jones' unwillingness to voluntarily submit to treatment of his schizophrenia with psychotropic medication, which the doctors all agreed would likely render him competent to stand trial. While the report indicated that Jones had "adamantly refused" psychotropic medications, the witnesses who testified at the hearing were unable to specify the efforts made to

allow Jones the opportunity to voluntarily submit to treatment (*i.e.,* how many times was he offered the medicine). Consequently, the undersigned ordered that the Defendant's treating physicians were to offer Jones an opportunity to voluntarily take psychotropic medications every day for fifteen (15) consecutive days. Within seven (7) days after the expiration of that fifteen day period, the physician(s) were to provide the court with a report as to how many times he refused treatment, if any, and an update as to whether Jones voluntarily took the medication, with an explanation as to *how* freely he consumed the medication (whether he "cheeked" the pills, spit them out, or verbally refused). (Docket 17.) Upon receipt of that report, the undersigned indicated he would issue a final order regarding the need to treat Jones involuntarily with psychotropic medication. (Id.) The court issued a supplemental order on March 13, 2014 (after the expiration of the fifteen-day period), asking the doctors to report to the court whether Jones was complicit in taking his prescribed medication. (Docket 18.)

On June 20, 2014, Mr. Kenny Atkinson, Complex Warden at the Federal Medical Center in Butner, North Carolina, forwarded Jones' forensic evaluation via fax, which indicated that he had been in full compliance with his prescribed antipsychotic medication over a fifteen-day period. Jill Grant, Psy.D., signed his evaluation form and stated that "[the doctors] believe there is a substantial probability his condition will continue to improve and he will be restored to competency within the foreseeable future." Accordingly, Dr. Grant and Warden Atkinson requested another four-month evaluation period for competency restoration pursuant to Title 18, United States Code, Section 4241(d), which was granted. (Docket No. 21.)

On December 16, 2014, the court received a Certificate of Restoration of Competency to Stand Trial signed by Warden Atkinson and a Forensic Evaluation Report signed by Jill Grant, Psy. D. (Docket No. 22.) The psychiatric report concludes that, in the opinion of Dr. Grant, Jones "has been restored to competency. He has an adequate factual knowledge of the legal system in general, exhibits an adequate factual and rational understanding of the charge against him, and appears able to work with his attorney in the preparation of his defense." (Doc. No. 22, p. 5.)

On December 18, 2014, a competency hearing was conducted. At the hearing, the Defendant appeared in court with his counsel, Gary Bonneaux. Neither party objected to Dr. Grant's opinion on Jones's competency or to the admissibility of the psychological report detailing the results and findings. Therefore, the court admitted it into evidence under seal.

The undersigned concludes that the Defendant is now able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. The Defendant has a rational and factual understanding of the proceedings against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402 (1960).

## RECOMMENDATION

The court should find the Defendant competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense. See 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from

September 19, 2014, until the date on which the District Judge signs the order adopting this report and recommendation.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of December, 2014.

_____
Zack Hawthorn
United States Magistrate Judge

4