UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:15-CR-2 |
| | § | |
| TROY MARTIN JONES | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON NOT GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

On January 21, 2015, this case came before the undersigned magistrate judge for entry of a not guilty by reason of insanity plea by the Defendant, Troy Martin Jones, to Count One of the Information. Count One alleges that on or about September 13, 2012, in the Eastern District of Texas and elsewhere, the Defendant, Troy Martin Jones, did threaten to assault and murder one or more Federal officials, whose individual names the Defendant did not specify and whose killing would be a crime under 18 U.S.C. § 1114, namely one or more employees of the United States Government, including employees of the United States Coast Guard, with intent to impede, intimidate, and interfere with said Federal official(s) while said employee was engaged in the performance of official duties and with intent to retaliate against the Federal official(s) on account of the performance of such official duties, all in violation of 18 U.S.C. § 115.

The Defendant entered a plea of not guilty by reason of insanity into the record at the hearing. The undersigned considered the following: (1.) "Waiver of Jury Trial and Stipulation of Testimony" presented at the hearing, which documents the parties waiver of respective rights to a trial by jury

and stipulation to the facts of this case; (2.) a forensic medical evaluation dated January 3, 2013 (Doc. 12); (3.) a forensic medical evaluation dated September 10, 2013 (Doc. 15); (4.) a supplemental forensic medical evaluation dated March 20, 2014 (Doc. 19); and (5.) a forensic medical evaluation dated June 20, 2014 (Doc. 20). Based on this evidence, the undersigned finds by clear and convincing evidence that at the time of the commission of the acts constituting the offense, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts.[1] 18 U.S.C. § 17. Accordingly, the undersigned recommends that the court make the same findings and adjudge the Defendant, Troy Martin Jones, not guilty only by reason of insanity at the time of the offense charged pursuant to 18 U.S.C. 4242 (b)(3). Moreover, the undersigned recommends a finding that the offense involved a substantial risk of bodily injury to another person or of serious damage to the property of another person, pursuant to 18 U.S.C. § 4243(d).

Pursuant to 18 U.S.C. § 4232(a), if a person is found not guilty only by reason of insanity at the time of the offense charged, he shall be committed to a suitable facility until such time as he is eligible for release pursuant to 18 U.S.C. § 4243(e). To determine eligibility of release, a hearing shall be conducted pursuant to the provisions of § 4243(d), and shall take place not later than forty days following the special verdict. 18 U.S.C. § 4243(c). Prior to the hearing, the court shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court. 18 U.S.C. § 4243(b).

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that:

---

[1] Both the Defendant and the Government agreed to this finding.

1. The District Court find by clear and convincing evidence that at the time of the commission of the acts constituting the offense, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts. 18 U.S.C. § 17(a);

2. Accordingly, based upon the undersigned's finding, it is further recommended that the District Court finally adjudge the Defendant, Troy Martin Jones, not guilty of the charged offense by reason of insanity at the time of the offense charged pursuant to 18 U.S.C. 4242(b)(3). Moreover, the undersigned recommends that the court find that the offense charged involved a substantial risk of bodily injury to another person or of serious damage to the property of another person, pursuant to 18 U.S.C. § 4243(d);

3. Pursuant to 18 U.S.C. § 4243(a), Troy Martin Jones shall be committed to a Federal Medical Center for the Federal Bureau of Prisons so that he can be evaluated in accordance with Title 18, United States Code, Section 4243(b);

4. Pursuant to 18 U.S.C. §§ 4243(b) and 4247(c)(1)(C), doctors shall conduct and file a psychiatric or psychological examination of the Defendant to determine whether the Defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage of the property of another; and

6. Pursuant to 18 U.S.C. § 4243(c), a future hearing shall be conducted not later than forty days following the special verdict for a determination pursuant to 18 U.S.C. § 4243(d) and (e).

## **OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1)(c) (2009); Fed. R. Civ. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, see <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 29th day of January, 2015.

_____
Zack Hawthorn
United States Magistrate Judge